PHOEBE B. ALLEN, Respondent, v. OTTO MEYER, Appellant.

The provision of the section of the Code authorizing the issuing of attachments (Code, § 227), which declares that for the purposes of the section an action shall be deemed commenced when the summons is issued, if personal service of the summons be made, or publication commenced within thirty days, applies to all courts having authority to issue attachments, and therefore to the Court of Common Pleas of New York.

An application for an attachment is a motion within section 401 of the Code, and under the provision of that section (sub. 7) authorizing the appointment of a referee to summon and examine a witness who refuses to make affidavit voluntarily when required for the purposes of a motion, the deposition of a witness may be taken to be used upon the application.

Upon a motion to vacate an attachment under the Code, the question is not one of jurisdiction, but whether upon the facts presented the attachment ought to issue; and this is so when the motion is founded upon the alleged insufficiency of the affidavits upon which the order for the attachment was granted.

The decision of the Special Term upon such a motion is reviewable by the General Term, but an order refusing or vacating an attachment is not appealable to this court in any case, unless it shows that it was refused or vacated for want of power; and an order granting an attachment is not appealable unless it presents a question of law, or of absolute legal right.

It is only where no construction which might be given to the facts would justify the order that it can be said to be against law.

(Decided March 19, 1878.)

THIS was a motion for a reargument.

The appeal was from an order of the General Term of the Court of Common Pleas of the city and county of New York, reversing an order of Special Term, which vacated an order granting an attachment therein.

The appeal was dismissed.

The facts material to the questions discussed appear sufficiently in the opinion.

*Otto Meyer*, for motion.

*Lawrence & Waehner*, opposed.

*Per Curiam.* We have reviewed this case with more care than would ordinarily be necessary, for the reason that the decision dismissing the appeal was made without any written opinion by the court, and we will now briefly state our conclusions.

The motion to vacate the attachment was made upon two grounds : 1. For want of jurisdiction. 2. For the insufficiency of the affidavit, or deposition upon which the attachment was granted.

It is urged that the New York Common Pleas had not acquired jurisdiction of the action at the time the attachment was granted, for the reason that the summons had not been served, the defendant not being a resident of the city. This would be a good point but for the provisions of the Code. (*Kerr* v. *Mount*, 28 N. Y., 659.) The Code, section 227, which authorizes the issuing of an attachment, and provides that "for the purposes of this section an action shall be deemed commenced when the summons is issued, provided however that personal service of such summons shall be made, or publication thereof commenced within thirty days."

There is no dispute but the New York Common Pleas has authority to issue attachments, and we think it very clear that this provision applies to all courts having such authority. The service must be made or publication commenced within

thirty days, in whatever court the action is commenced, and the Code applies equally to actions commenced in the New York Common Pleas as to those commenced in the Supreme Court, although the mode of service in that court is, in some cases, different from that permitted in the Supreme Court. It is also insisted that the order for taking the deposition of the witness Ray, to enable the plaintiff to apply for an attachment, was without authority, and void. We think that section 401 of the Code is applicable. An application for an attachment is a motion within that section, and the seventh subdivision confers authority to make an order appointing a referee to summon and examine a witness who refuses to make an affidavit voluntarily.

Upon the question of the sufficiency of the affidavit we concur with the learned counsel for the appellant that upon a motion to vacate an attachment under the Code, the question is not one of jurisdiction, but upon the facts presented, the court is to determine whether the attachment ought to issue, and this is so when the motion is founded upon the alleged insufficiency of the affidavit, upon which the order for the attachment was made, and a decision upon such a motion by the Special Term is reviewable upon the merits by the General Term. But in this court the rule is different. An order refusing or vacating an order granting an attachment is not appealable to this court in any case, unless the order shows that it was refused or vacated for want of power, and an order granting an attachment is not appealable, unless it presents a question of law or absolute legal right. If the order is granted in a case not authorized, or if there is an entire absence of facts proved justifying it, the case would present a question of law, and the order would be appealable. In this case we have the opinion of the Special Term that the facts were not sufficiently proved, and the order was vacated; and we have the opinion of the General Term that the facts proved were sufficient, and the order of the Special Term was reversed. Whatever our opinion might be, were we reviewing the case upon the merits, as the Special and

General Terms did, it is very clear that it is not one so destitute of facts as to present a question of law. It depends upon the inferences to be drawn from the facts stated, and involves the degree of credit to be given the witness. The Special Term discredited his statements to a certain extent, because he stated various facts positively, without giving the sources of his information, and as to some of which he could not be expected to have a personal knowledge, and there is some force in the reasoning of the learned judge who held the Special Term ; but the General Term having taken a different view, and drawn other inferences, it is not the province of this court to pass upon it.

The witness does state that the defendant being insolvent and judgments about to be perfected against him, he transferred through a third person his property to his wife, and procured her to execute a mortgage for the benefit of his mother-in-law. He also states that although the conveyance to his wife named $2,000 consideration, yet no consideration was in fact paid, and that he continued to use and control the property the same after as before the conveyance. If these facts were true it justified an inference of fraudulent disposition of property, and if so, the order is not appealable to this court. It was the duty of the court below to pass upon its sufficiency, and it was discretionary with that court whether to grant an attachment or not. It is only when no construction which might be given to the facts would justify the order that it can be said to be against law. The same views were expressed in *Wallace* v. *Castle* (68 N. Y., 370), and although the order in that case was affirmed in this court, it would have been quite as proper to have dismissed the appeal. See, also, *Liddell* v. *Paton* (67 N. Y., 393).

It follows that the motion for a reargument must be denied.

All concur.

Motion denied.