ALFRED BENNETT AND OTHERS, RESPONDENTS, *v.* HENRY EDWARDS, APPELLANT.

*Attachment — what must be stated in an affidavit used upon an application therefor — when and in what form the affidavit may be made by one not having personal knowledge of the facts — proceedings to compel the making of an affidavit, not required.*

The affidavit upon which an attachment is applied for should be explicit and state in clear and concise terms a cause of action, and such facts as will satisfy the court or officer to which or to whom the application is made of the intent and attempt of the defendant to cheat and defraud his creditors. In general these facts should be stated upon positive knowledge, but when, from the circumstances of the case, they cannot be so stated they may be stated upon information and belief, giving the names of the persons and the sources from which the information is derived and the reasons why the affidavits of those having positive knowledge cannot be procured.

Where the party having positive knowledge of the facts refuses to make an affidavit the applicant is not obliged to procure an order, under section 885 of the Code of Civil Procedure, requiring him to appear before a referee and submit to an examination.

APPEAL from an order of the Onondaga Special Term, denying a motion to vacate a warrant of attachment.

*Edward H. Risley*, for the appellant.

*S. M. Lindsley*, for the respondents.

HAIGHT. J.:

The warrant of attachment was issued upon the ground that the defendant has departed from the State with intent to defraud his creditors, or to avoid the service of a summons; or that he has removed or is about to remove property from the State, with the intent to defraud his creditors; or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete the property with like intent. It is contended on the part of the appellant that the affidavits are not sufficient to authorize the issuing of the attachment; that the facts relied upon are stated upon information and belief, and not from positive knowledge, etc.

The rule, as we understand it, is that the affidavits upon which an attachment is granted should be explicit and in clear, concise terms state a cause of action, and such facts as will satisfy the court or officer to whom the application is made of the intent and attempt of the defendant to cheat and defraud his creditors. In general, these facts should be stated upon positive knowledge; but where, from the circumstances of the case, they cannot be so stated, they may be stated upon information and belief, giving the names of the persons and the sources from which the information is derived, and the reasons why the affidavits of those having positive knowledge cannot be procured; we do not understand this rule to be in conflict with that stated in the case of *Yates* v. *North* (reported in 44 N. Y., 274); and followed in the case of the *Steuben County Bank* v. *Alberger* (reported in 78 N. Y., 252). In that case the court says: "Neither a general statement of fraud nor a statement on information and belief, without showing that the person from whom the information was obtained is absent, or that his deposition cannot be procured, is sufficient to authorize the granting of an attachment." From this the appellant argues that if the person having positive knowledge is not absent from the

State his deposition can be procured; that in case he refuses he can be compelled, under section 885 of the Code of Civil Procedure. True, he can be required to attend before a referee and submit to an examination. It has been so held by the Court of Appeals in the case of *Allen* v. *Meyer* (reported in 73 N. Y., 1). The court in that case, however, did not hold that such proceedings were necessary, and we think ought not to so hold. For, if it should be held to be the inflexible rule that the affidavit or deposition of the person having positive knowledge of the fraud must be procured where it is impossible to enforce it by legal process before an attachment can issue, it would. in most cases defeat the remedy that the statute sought to afford. Persons seeking to defraud their creditors are not apt to advertise the scheme by which they purpose to accomplish the result. In many instances a few hours time is all that they require. A merchant in the city of Buffalo can pack up a stock of goods during the night, and before noon of the next day have them safe in Canada. The creditor ofttimes has but short notice of the intended fraud. The attachment has to be procured at once, or it is of no use. If he should be required to resort to proceedings under section 885, in most cases the debtor would get notice and succeed in removing or disposing of the property before the attachment could be obtained.

In this case Smith was the clerk, and kept the books of the defendant. He had positive knowledge of many facts and circumstances tending to show an intent to cheat and defraud the creditors. Smith had brought an action to recover and secure his own claim. Upon his own affidavit he had procured an attachment. He was requested by the attorney for the plaintiff to make an affidavit stating the facts as stated in his own affidavit in the case, but he refused. He was seeking to secure his own claim, and did not care to have it embarrassed by others. Under these circumstances we think the plaintiff should be excused from procuring an affidavit from Smith. The affidavit already made by him is on file in the office of the clerk of the county, and the person making the affidavit upon which the attachment was issued, refers to such affidavit, quotes it in this affidavit and states that to be the source of his information, and that he verily believes it to be true. We think this to be a compliance with the rule. The facts stated in

the affidavit of Dunmore, upon his own knowledge, together with the facts stated by him upon information and belief, which information was derived from the affidavit of Smith, make out a case in which a warrant of attachment should issue upon the grounds upon which the attachment was applied for. (*Schoonmaker* v. *Spencer*, 54 N. Y., 366.)

Order affirmed, with ten dollars costs and disbursements.

This result makes it unnecessary to further consider the motion to dismiss the appeal. That motion is denied without costs to either party.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.