The appellants ask to have the remittitur in these several cases recalled, in order that application may be made for such amendment to the orders appealed from, as will show that they were made upon the ground that the justice of the Supreme Court who granted the attachments had no power or jurisdiction in the premises. If this fact appeared, it would present a case for our consideration (Allen v. Meyer, 73 N.Y. 1; Dunlop v.Patterson Fire Ins. Co., 74 id. 145; 30 Am. Rep. 283), and if likely to be disposed of in a manner favorable to the appellants, we should grant the application.
But upon the hearing of the appeal, the point which upon such amendment would be before us was fully presented by counsel for the appellants, and answered to by the respondents. It was ably argued by both, and although we were constrained, in accordance with long-settled practice in such cases, to dismiss the appeals, the question was considered by us, and the conclusion reached that the attachment was improvidently issued. In the recent case of Robinson v. The Natl. Bk. of Newberne (81 N.Y. 385; 37 Am.Rep. 508), the same general question was before us for judgment. In that case, an attachmen thad been issued against the property of a solvent National banking association, and we thought it should be upheld upon the ground that the prohibition against such process contained in section 5242 of the United States Revised Statutes, applied only to an insolvent corporation, or one about to become so.
It is apparent, from the papers in the cases now here, that the defendants in the attachment proceedings are in that condition, and we find no reason for doubting that they are within *Page 469 
the prohibition and intent of the statute (supra). "No attachment," it says, "shall be issued against any such association, or its property, before final judgment in any suit, action, or proceeding in any State * * court."
As a corporation can act only in the mode and within the limitations prescribed by the law creating it, the same law may impose upon parties dealing with the corporation such restrictions as the enacting power deems proper, in preserving, applying, or subjecting its assets to the discharge of its obligations, and may, among other things, provide that any one, or more, of the usual remedies of creditors against a debtor, shall in certain cases be withheld.
The laws of this State not only render invalid any transfer of property, or payment made, but any judgment confessed, or lien created by a moneyed corporation when insolvent, or in contemplation of insolvency, with intent of giving any preference to any creditor. (Title 2, part 1, chap. 18, art. 1, § 9, 1 R.S., p. 591.) The object and spirit of this act, undoubtedly, is to secure an equal distribution of the effects of a moneyed corporation among its creditors, in case of insolvency. Its validity has not been doubted. We have given this construction to the statute of the United States containing the prohibition above cited (Robinson v. Natl. Bank of Newberne, supra), and so it is directly held in National Bank v. Colby (21 Wall. 609).
If the orders were amended in the manner indicated, these views would lead to their affirmance, and it, therefore, would not benefit the appellants to grant their motion.
The motion should be denied, with costs.
All concur.
Motion denied. *Page 470