Donovan agt. Cornell

not be held responsible as a bailee, if a principal upon a bond, sustaining such a defense.

An elementary principle of law then determines that if the plaintiffs cannot recover against the principal (the driver) they cannot recover against his surety, the defendant.

The affirmative defense that the plaintiffs' articles were stolen from their driver, without any negligence or fault or want of care on his part, should have been submitted to the jury.

The omission to so submit and the direction of the court to find a verdict for the plaintiffs, was error.

It follows, therefore, that the verdict should be set aside and a new trial ordered.

---

## NEW YORK COMMON PLEAS.

DANIEL DONOVAN, respondent, agt. ROBERT G. CORNELL, defendant and appellant.

*Order of arrest—Code of Civil Procedure, sections 549–550—Complaint—When cause of action and cause of arrest not identical—When facts authorizing an arrest need not be set out in the complaint, nor is proof of them within the issues that a jury are to try.*

Where a complaint alleged a delivery to defendant, a commission merchant, of goods to be sold for cash, for plaintiff, to whom the proceeds, after deducting commissions, were to be paid; that defendant sold the goods but refused to pay over the amount due, and converted it to his own use.

*Held,* that the action was upon contract and the allegation of conversion of the proceeds was mere surplusage; and a ground of arrest based upon a claim that defendant acted in a fiduciary capacity is extrinsic to the cause of action, so that a motion on affidavits at special term to vacate the order of arrest should have been decided on the merits, and it was error for the court to refuse to pass upon the question, deeming it a proper one for the jury on the trial of the action.

*General Term, December,* 1885.

Donovan agt. Cornell.

*Before* LARREMORE, *P. J.*, J. F. DALY *and* VAN HOESEN, *JJ.*

APPEAL from an order of the general term of the city court, affirming an order which denied the motion of defendant to vacate an order of arrest.

The complaint alleged the delivery between March 30 and April 3, 1885, by plaintiff to defendant, " who during that time was a commission merchant," of one hundred and seventy sheep and lambs to be sold for plaintiff for cash, and after deducting defendant's commissions of twenty cents a head, to pay the balance of the price to plaintiff; that defendant sold the sheep and lambs for $724.35, which he received; that his commissions amounted to $35.40, leaving due to plaintiff $688.95, which plaintiff demanded, but which defendant refused to pay, " and converted to his own use." The order of arrest was granted upon an affidavit of plaintiff stating the facts of the complaint and omitting the allegation of conversion.

Defendant moved upon affidavit and an answer denying in part the allegations of complaint and plaintiff's affidavit, and setting up new matter. He alleged that he received no goods from plaintiff, but that all his dealings were with Richard Donovan, plaintiff's father, upon an agreement by which the latter was to consign sheep and lambs to defendant to be sold on commission; that under the custom of commission merchants in his line of business, he accounted to his consignee every Saturday, giving his individual check for the amount of sales, irrespective of his having realized the proceeds, and dating the checks ahead for his accommodation; that he gave his checks, after January, 1883, to the order of plaintiff, at the request of Richard Donovan; that on April 4, 1885, he gave his check (post dated April 8, 1885) to plaintiff's order for $913.26, in full of sales since the previous Saturday, which check was paid; that between April sixth and ninth he received sheep and lambs alleged, which he sold partly for cash, but mostly on terms of credit as theretofore; that on April ninth,

he made an assignment for the benefit of creditors, because he could not meet his check given to one Odenheimer, due April ninth, for $3,423, owing to his failing to realize on sales made by him, including those made for plaintiff, or Richard Donovan.

The motion to vacate the order of arrest was denied. The judge, at special term, in his opinion, considered the question presented by the pleadings and affidavits, viz., whether the fiduciary relation existed between the plaintiff and defendant, or whether the defendant was authorized to mingle the money collected with his own, and so became a mere debtor to plaintiff for the amount due; but the judge would not decide the question, deeming it a proper one for the jury on the trial of the action.

The order denying the motion to vacate the order of arrest was affirmed at the general term of the city court, the opinion rendered stating that the cause of action and the cause of arrest are identical; that the complaint alleged that defendant received plaintiff's moneys in a fiduciary capacity; that in this view of the case the order of arrest should not be vacated at special term, except upon evidence so clear as to leave no possible doubt in the mind of the court upon the questions presented; that this is not such a case, and even assuming that the order of arrest was granted upon extrinsic facts, the justice at special term was correct in refusing to vacate, and for these reasons and the grounds stated in the opinion of the special term the order must be affirmed.

*Horace Secor*, for appellant.

*Joseph C. Wolf*, for respondent.

J. F. DALY, *J.*—The complaint alleged a cause of action upon contract. The allegation of conversion of the proceeds of sale was mere surplusage. On the trial such allegation will be disregarded and plaintiff allowed to recover upon contract (*Conaughty* agt. *Nichols*, 42 *N. Y.*, 83). Even if the complaint

alleged that the defendant received the proceeds in a fiduciary capacity, no proof of that allegation would be essential to plaintiff's recovery; a ground of arrest, based upon a claim that defendant acted in a fiduciary capacity, is extrinsic to the cause of action. It is not necessary to make such an allegation in the complaint in order to sustain an order of arrest. Where such allegation is contained in the complaint, but no order of arrest has been granted, the defendant would not be subject to execution against the person (*Segelken* agt. *Meyer*, 94 *N. Y.*, 473).

It follows from these authorities that the cause of action here and the cause of arrest are not identical, and that the jury, upon the trial of this action, will not have to pass upon the questions which are involved in the arrest of defendant. It was the duty of the court to decide upon the pleadings and affidavits whether the relation between plaintiff and defendant was one of personal trust and confidence in the latter, or that of consignee and commission merchant, as alleged in the answer (*Feuntes* agt. *Mayorga*, 7 *Daly*, 103). And see on this subject *Merrill* agt. *Thomas*, 7 *Daly*, 395; *Clark* agt. *Pinckney*, 50 *Barb.*, 226; *Duguid* agt. *Edwards*, *id.*, 288; *Sutton* agt. *De Camp*, 4 *Abb.* (*N. S.*), 483; *Stoll* agt. *King*, 8 *How. Pr.*, 298.

The city court did not examine the question presented by the affidavits in the light of this duty, but referred it to the jury on the trial. This is the express decision of the special term; and the general term, while it does state that "assuming that the order of arrest was granted on extrinsic facts, we are of opinion that the justice was correct in refusing to vacate," finally concludes that, for these reasons and "upon the ground stated in the opinion of the court at special term," the order must be affirmed. This puts the affirmance upon the ground that in the language of the special term opinion "the jury will be called upon to weigh and determine when the cause is tried" the question of right to arrest, "which cannot be intelligently decided in the present instance in advance of the trial." Under the decision in *Segelken* agt. *Meyer*, above cited, this view appears to be erroneous, and the order should be reversed to

Donovan agt. Cornell.

the end that the motion to vacate the order of arrest may be heard upon its merits.

VAN HOESEN, J.—This action is not for the conversion of personal property, and an order of arrest could not be granted under section 549. The action is for money had and received by a factor, and the only authority for an order of arrest is the third subdivision of section 550. The facts authorizing an arrest should not be set out in the complaint, nor is proof of them within the issues that the jury are to try. A jury could never, therefore, pass upon the question which chief justice McADAM said, in his opinion, he would leave to them for decision. The question is not to be decided by a jury, but by a judge at the special term, and therefore I concur with judge J. F. DALY in reversing the order.

LARREMORE, P. J.—The order is one affecting a substantial right, and is properly appealable within subdivision 3, section 3191 of the Code of Civil Procedure. The facts alleged in the complaint establish an action for conversion, the plaintiff claiming the identical proceeds realized from the property to be sold. That the prayer of the complaint demands a money judgment in no way changes the form of the action (*Trunninger* agt. *Busch*, 7 *Daly*, 124; *King* agt. *Arnold*, 84 *N. Y.*, 668; *Greentree* agt. *Rosenstock*, 61 *id.*, 583). It is true that the answering affidavits used upon the motion to vacate the order of arrest show that the transaction between the parties was one *ex contractu*, but the facts alleged in the complaint (as before stated) characterize the transaction, and the plaintiff must stand or fall upon their proof, as alleged in his complaint.

The order appealed from must be affirmed, with costs.