### WALLACE v. BARING et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

DEPOSITIONS — ORDER FOR, ON MOTION — COMPELLING PRODUCTION OF DOCUMENTS.

Under Code Civ. Proc. § 885, providing that a party intending to make or oppose a motion may, on a showing by affidavit, have an order requiring any person not a party, who is alleged to have knowledge of material facts, and who refuses to make an affidavit, to appear and give a deposition, a party intending to apply for an attachment may have such an order against the receiver of a corporation defendant; but the witness cannot be compelled, by such order, to produce books or papers, nor to examine such for the purpose of qualifying himself to give the testimony desired.

Appeal from special term, New York county.

Action by Matilda Wallace against Thomas Baring and others. Plaintiff applied for and obtained an order requiring John J. McCook to appear and give a deposition, to be used on a motion by plaintiff for an attachment against the property of the Atchison,

Topeka & Santa Fé Railroad Company. On such order two subpœnas were issued for the witness, one of which required him, as a receiver of said railroad company, to produce certain books of the company. From an order denying a motion to vacate said order and set aside the subpœnas, McCook appeals. Affirmed, except as to subpœna duces tecum, as to which reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Allan McCulloh, for appellant.

David Gerber, for respondents.

PER CURIAM. We think that the order for the examination of the witness was proper. Section 885 of the Code of Civil Procedure gives the party who intends to make the motion the right to obtain the affidavit or deposition of a person, not a party, who is possessed of any information which will assist the moving party. Such a deposition is simply an affidavit by a person, not a party, who will not voluntarily testify to facts within his knowledge, which, if necessary for the use of a party to an action upon a motion, the court can compel him to give. Under such an order, however, we can find no warrant for the issuing of a subpœna duces tecum, such as was issued by the referee, requiring the production of books and papers of the company. As said in Fisk v. Railroad Co., 3 Abb. Prac. (N. S.) 433:

"The examination in section 885 is not a discovery. If the witness does not know the facts sought to be proved, then his affidavit is not necessary. He cannot be required either to take any means to inform himself or to produce anything which contains such information."

What the section provides for is an affidavit or deposition of facts which are within the knowledge of the person sought to be examined; and he is not required to obtain from outside sources information for a party to the action, nor is he compelled, by an examination of books and papers of a railroad company, to qualify himself as an expert accountant for the convenience of a party.

The order, so far as it directs the examination to be taken, should be affirmed; so far as it refuses to set aside the subpœna, it should be reversed; and so much of the motion as sought to have the subpœna duces tecum set aside should be granted,—without costs.

