LEO FINKENBERG, INC., Respondent, v. CROMPTON BUILDING CORPORATION and Others, Defendants.

HARRIS A. ROHTMAN, Appellant.

First Department, December 3, 1920.

Contempt — refusal of witness to testify before referee appointed to take deposition — order of reference granted before summons served.

A witness is not guilty of contempt by refusing to testify before a referee appointed to take his deposition where the order of reference was granted and the refusal to testify took place before the complaint was verified and the summons served, for at the time of said refusal an action was not pending within the meaning of section 753 of the Judiciary Law.

APPEAL by Harris A. Rohtman from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1920, granting the plaintiff's motion that Harris A. .Rohtman be adjudged in contempt of court and fining him the sum of $303.80, and also from an order entered in said clerk's office on the 22d day of March, 1920, denying the appellant's motion to vacate an order for the appointment of a referee to take his deposition to be used upon a motion.

*Elijah N. Zoline* of counsel [*Henry W. Fried,* attorney], for the appellant.

*Isaac N. Jacobson* of counsel [*Samuel I. Goldberg,* attorney], for the respondent.

GREENBAUM, J.:

On February 16, 1920, an *ex parte* order was signed for the appointment of a referee to take the deposition of the appellant as a witness to be used in an action which had not then been commenced by the respondent against the Crompton Building Corporation and another, and on the same day a subpœna was issued to and served upon the appellant to appear before the referee on February 18, 1920, on which day the hearing was adjourned to February 21, 1920. The order of reference was based upon the affidavit of the attorney of the plaintiff, from which it appears that the summons and complaint had not been served up to February 16, 1920. The complaint was not verified until February 24, 1920. As matter of fact there was no action pending on February 21, 1920. When the appellant attended before the referee on February 21, 1920, he objected to being sworn upon the ground that there was no pending action and, therefore, no power in the court to compel him to testify. On February 25, 1920, he moved at Special Term to vacate the order of reference upon the same grounds as urged before the referee, but that motion was dènied. The learned court in a brief memorandum based its denial upon *Wallace* v. *Baring* (2 App. Div. 501) and *Allen* v. *Mayer* (73 N. Y. 1).

In *Wallace* v. *Baring* (*supra*) the record on appeal shows

that as matter of fact the referee was appointed a considerable time after the action had been commenced and the summons served on one of the defendants.

*Allen* v. *Mayer* (*supra*) was an action in which a warrant of attachment had been granted. The motion to vacate the attachment was based upon the ground that the Court of Common Pleas of the City of New York had not acquired jurisdiction to grant the warrant, " for the reason that the summons had not been served, the defendant not being a resident of the city." Said the court: " This would be a good point but for the provisions of the Code ( *Kerr* v. *Mount,* 28 N. Y. 659). The Code, section 227,* which authorizes the issuing of an attachment and provides that ' for the purposes of this section an action shall be deemed commenced when the summons is issued, provided, however, that personal service of such summons shall be made, or publication thereof commenced within thirty days.' "

The court thus upheld the jurisdiction of the court upon the ground that in that case an action had been commenced by the issuance of the summons under the Code provision above quoted and treated the action as a pending one within the contemplation of law.

The case at bar is not concerned with an application for an attachment. There is nothing stated in section 885 of the Code of Civil Procedure under which the order of reference was ostensibly granted, which would indicate that such an order may be made in other than a pending action. Moreover, section 753 of the Judiciary Law, which re-enacted section 14 of the Code of Civil Procedure, relating to contempt proceedings, provides: " A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court, may be defeated, impaired, impeded, or prejudiced, in either of the following cases," among which is the refusal of a witness to be sworn. (Subd. 5.) This, however, was not an action pending in this court when the order of

---

* See Code Proc. § 227, as amd. by Laws of 1866, chap. 824, and Laws of 1875, chap. 28.— [REP.

reference was signed nor when the alleged disobedience of the witness before the referee took place.

Under the circumstances the order appealed from, granting plaintiff's motion that the witness be adjudged guilty of contempt of court, must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs; and the order denying defendant's motion to vacate the order appointing a referee reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order granting plaintiff's motion reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; order denying defendant's motion reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.