OPINION OF THE COURT
Thomas Aloi, J.
The two cases now before this court offer a striking example of the confusion which has surrounded the provisional remedy of attachment since Sugar v Curtis Circulation Co. (383 F Supp 643; see, also, Carey v Sugar, 425 US 73). Much of the difficulty seems to spring from the inability of counsel to distinguish between the two separate paths to attachment available under the post-Sugar modifications to CPLR article 62. The confusion is understandable, since it is only the means *815 which differ — the resulting orders of attachment are identical (CPLR 6210).
In reality, there has been little change in the procedures. Attachment on notice has long been possible, but was seldom used since it offered plaintiffs no assurance whatever — even that of surprise — that assets would still be available by the time an order of attachment was granted. (McLaughlin, 1977 Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 6210.) This defect has now been remedied by CPLR 6210, which allows a plaintiff to obtain an ex parte temporary restraining order to protect its interests until a hearing can be held and an attachment order granted. Although subject to the more stringent pleading requirements applicable to provisional remedies (see 11 Carmody-Wait 2d, §§ 76:33, 76:38 et seq.), this application is handled much like any other motion.
Attachment without notice is now initiated in much the same fashion as previously, by Sheriff’s levy. No temporary restraining order need be applied for, since the levy itself "freezes” the assets, even if the Sheriff is directed not to take them into his actual custody (7A Weinstein-Korn-Miller, NY Civ Prac, par 6211.09). The change here is in the new protection to the defendant found in the requirement that a motion to confirm the attachment be made within five days of the levy, or the attachment is void (CPLR 6211, subd [b]; McLaughlin, 1977 Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 6211, subd [b]).
The revisions of article 62 thus supplied "muscle” to the constitutionally acceptable attachment on notice, and due process safeguards to the previously more effective ex parte attachment. In usefulness to plaintiffs, and protection for defendants, there is now little to choose between them (with the exception of priority of lien [7A Weinstein-Korn-Miller, NY Civ Prac, par 6210.01]).
The necessity for two separate provisions affording nearly identical relief should perhaps be a subject for consideration by the Legislature, but in the meantime the similarity seems to be the source of much confusion.
In both the related cases herein, plaintiff obtained ex parte temporary restraining orders (T.R.O.’s) directed to garnishee banks in connection with its applications for attachments on notice pursuant to CPLR 6210. Submitted with the orders to show cause and supporting papers were proposed attachment orders, which the Calendar Judge inadvertently signed. Com *816 pounding the initial error, plaintiff then delivered the attachment orders to the Sheriff for levy, in effect commencing the alternate, ex parte attachment proceeding set forth in CPLR 6211. (The reverse situation, involving erroneous use of the 6210 T.R.O. is not unknown. [See Estee Lauder, Inc. v Juda, NYLJ, Aug. 17, 1979, p 4, col 2].) Plaintiff then also served the 6210 order to show cause and T.R.O. on the defendants. Plaintiff in both cases had thus simultaneously commenced attachment procedures pursuant to CPLR 6210 and 6211, on notice and ex parte, respectively.
Plaintiff concedes that the inadvertently signed and served attachment orders are void, no timely motion to confirm having been made, and defendants’ motions to vacate are granted in that respect.
Defendants’ motions to strike the T.R.O.’s, however, should be denied. The fact that plaintiff erroneously commenced a second attachment procedure which was never completed need not invalidate the first, proper applications for attachments on notice. The original return date having passed due to defendants’ intervening motions, the parties are entitled to an immediate hearing. Since plaintiff’s motion papers have satisfied the court that sufficient possibility of harm exists to justify retention of the T.R.O.’s until the hearing, and plaintiff has filed undertakings in compliance with CPLR 6212 (subd [b]), defendants’ motions to strike the temporary restraining orders are denied.