OPINION OF THE COURT
Kristin Booth Glen, J.
This case presents an important issue of apparent first impression regarding the procedural safeguards that must be complied with when a plaintiff obtains an ex parte prejudgment order of attachment which is levied at different times on several garnishees.
After the issuance of an ex parte order of attachment, the CPLR provides that a prompt hearing must be held to determine the validity of the order of attachment. This provision, set forth in CPLR 6211 (subd [b]), requires the plaintiff to make a motion on notice to confirm the attachment order no later than five days after the levy. The failure to make a timely motion to confirm is fatal and invalidates the order of attachment. (New York Janitorial Serv. v Easthampton Dewitt Corp., 100 Misc 2d 814.) CPLR 6211 (subd [b]) specifically states: “If plaintiff fails to make *651 such motion within the required period, the order of attachment and any levy thereunder shall have no further effect and shall be vacated upon motion.”
The issue raised in the instant case is whether the five-day period to confirm the attachment order runs from the date the first levy occurs regardless of whether the garnishee is in possession of the property or debt sought to be attached or if it runs from the date the order is served on a garnishee who is actually in possession of property belonging to the defendant.
FACTS
The plaintiff, Henry Eisenberg (Eisenberg), commenced this action to recover moneys claimed due and owing on a promissory note executed by the defendant Citation-Langley Corporation (Citation) and a guarantee executed by the defendant, Jerrold Brandt (Brandt). It is alleged that Brandt, the individual defendant, is a nonresident and nondomiciliary of the State of New York who presently resides in Beverly Hills, California. To obtain quasi in rem jurisdiction over Brandt and for security purposes, the plaintiff moved ex parte for an order of attachment. In his affidavit in support of his motion for the attachment order, the plaintiff alleges that debts owed by Citation to Brandt along with stock certificates owned by Brandt are located within this jurisdiction and are subject to attachment. The order of attachment was granted ex parte on July 16,1982, directing the Sheriff to levy upon debts owing to Brandt and property in which he has an interest up to the sum of $141,275. As required by CPLR 6211 (subd [b]), the order also directs the plaintiff to move to confirm the order “within a period not to exceed five days after levy”.
The levy of the attachment order was carried out in accordance with CPLR 6214 (subd [a]) which instructs the Sheriff to levy by serving a copy of the order upon the garnishee. Six garnishees alleged to be in possession of property belonging to Brandt or debts owed to him were served with the order. On July 22, the Sheriff served the order on Citation. Citation had filed for bankruptcy before the order was served so that the levy did not “freeze” the debt Citation is alleged to owe Brandt. Two other garnishees were served on July 22 and three were served on July *652 23. None of these garnishees was holding property belonging to Brandt at the time it was served. On July 28, the Sheriff served the order on Solon, Morrow & Dyckman, the firm holding Brandt’s stock certificate in escrow. On August 2, 1982 the plaintiff made the instant motion to confirm the order of attachment. In his moving papers the plaintiff designates July 28 as the date of the levy (the date from which the five-day period runs) and asserts that his motion to confirm the order was timely. The defendant contests this assertion arguing that the levy first occurred on July 22, over a week before the plaintiff moved to confirm the order, and cross-moves to dismiss the order of attachment.
APPLICABLE RULES OF LAW
In 1977 the Legislature amended CPLR article 62 in response to the assertion that the existing attachment procedure was unconstitutional for its failure to provide the debtor defendant with an immediate attachment hearing. (See Sugar v Curtis Circulation Co., 383 F Supp 643, vacated and remanded sub nom. Carey v Sugar, 425 US 73.) The Legislature added CPLR 6211 (subd [b]) to the attachment provisions to meet the due process requirements established by the United States Supreme Court in a series of cases beginning with Sniadach v Family Fin. Corp. (395 US 337).[1] (See Recommendations for Revision of Statutes Governing Provisional Remedies, part 1, § B, Twenty-second Ann Report of NY Judicial Conference, p 243.) Together the Supreme Court decisions hold that a State may not authorize the ex parte attachment of prop *653 erty without providing sufficient statutory safeguards to protect the owner from a mistaken deprivation of his or her property. In North Georgia Finishing v Di-Chem, Inc. (419 US 601), the Supreme Court indicated that, at minimum, an attachment procedure must provide for an immediate postattachment hearing at which the creditor would be required to demonstrate “probable cause” to justify the garnishment. CPLR 6211 (subd [b]) meets this requirement by providing a confirmation hearing within five days of the levy of the attachment order.[2]
THE LEVY
The effect of the levy of an ex parte order of attachment is outlined in CPLR 6214 (subd [b]). Under this section, the levy is deemed “effective” if served either on a person actually holding property belonging to the debtor defendant or if served on a person the plaintiff has identified in a notice served with the order as someone holding property belonging to the debtor defendant or as someone owing a debt to the debtor defendant. Accordingly, the order of attachment may be served on anyone the plaintiff designates regardless of whether the garnishee is actually in possession of property belonging to the debtor defendant. Once served with the order the garnishee is directed to transfer to the Sheriff: “Allproperty in which the defendant is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the defendant * * * up to the amount specified in the order of attachment * * * or until the expiration of ninety days after the service of the order” (CPLR 6214, subd [b]; emphasis added). In other words, once served with the order, the garnishee must transfer any property belonging to the defendant debtor which the garnishee has or comes to possess for a period of 90 days until the amount claimed in the order is satisfied.
*654 If, as the plaintiff urges, the five-day period to confirm did not begin to run until the order was served on a garnishee presently holding property belonging to the debtor defendant, under the scheme contained in CPLR 6214 (subd [b]) an unknowing debtor defendant could have his assets placed in jeopardy of immediate attachment for an extended period of time. Knowing that any assets received from the debtor defendant might have to be transferred to the Sheriff, it is unlikely that a garnishee not holding property belonging to the defendant would continue to transact business with the debtor defendant once served with the order of attachment. Consequently, the debtor defendant would temporarily be deprived of his ability to transfer or alienate his property without notice or an opportunity for an immediate hearing. Such an interpretation of CPLR 6211 (subd [b]) would directly undermine the statute’s purpose and raise serious problems regarding the constitutionality of the statute as applied.
Accordingly, I conclude that CPLR 6211 (subd [b]) must be interpreted to require the plaintiff to move to confirm the order of attachment within five days from the date the order is served on the first garnishee regardless of whether the garnishee is then holding property belonging to the defendant.
Upon finding that the plaintiff did not move to confirm the order within five days after the order was first served, plaintiff’s motion to confirm is denied and defendant’s motion to vacate the order of attachment is granted. Defendant is also granted the costs and disbursements of this motion pursuant to CPLR 6212 (subd [e]).

. In the first of these decisions, Sniadach v Family Fin. Corp. (395 US 337), the Supreme Court held unconstitutional a Wisconsin garnishment statute allowing 50% of a debtor’s wages to be frozen by mere service of process, without notice and a prior hearing. In Fuentes v Shevin (407 US 67), the Supreme Court struck down Florida and Pennsylvania replevin statutes that allowed seizure by a Sheriff of goods sold without notice of a hearing or prior judicial authority. In the next case, Mitchell v Grant Co. (416 US 600), the court upheld a Louisiana statute that allowed for an ex parte prejudgment seizure of property subject to a vendor’s lien on the grounds that unlike the Florida and Pennsylvania laws, the statute required court approval, a demonstration of the basis for the seizure, the posting of a bond, and provided for an immediate postseizure hearing. In the last of these cases, North Georgia Finishing v Di-Chem, Inc. (419 US 601), the court held unconstitutional a Georgia garnishment statute which allowed for the impounding of a debtor’s bank account because of the statute’s failure to provide a prompt hearing at which the creditor would be required to demonstrate at least “probable cause” to justify the garnishment.

. In full CPLR 6211 (subd [b]) provides that the plaintiff must move to confirm the order of attachment on notice within five days of the levy and further imposes on the plaintiff the burden of proving the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits.