**DAYCO CORPORATION,
Plaintiff-Appellant,**

v.

**FOREIGN TRANSACTIONS CORPORA-TION, et al., Defendants-Appellees,**

v.

**Richard J. JACOB, et al., Third-Party Defendants.**

**Cal. No. 642, Docket 82-7760.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 17, 1982.

Decided April 6, 1983.

Leonard Garment, New York City (Dickstein, Shapiro & Morin, Peter W. Morgan and Jeffrey M. Johnson, New York City, on brief), for plaintiff-appellant.

Milton S. Gould, New York City (Shea & Gould, Bernard D. Fischman and Robert J. Ward, New York City, on brief), for defendants-appellees.

Before VAN GRAAFEILAND, MESKILL and PRATT, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The question before us on this appeal is whether, as a result of this Court's recent decision in *Brastex Corp. v. Allen International, Inc.,* 702 F.2d 326 (2nd Cir.1983), every district court order refusing to confirm an attachment pursuant to New York's recently revised attachment law, C.P.L.R. §§ 6201-6226 (McKinney), is appealable to this Court. We hold that, where, as here, the order involves only a factual determination and presents no legal questions of first impression or extraordinary significance, it is not appealable.

Dayco Corporation appeals from an order of the United States District Court for the Southern District of New York, Mary Johnson Lowe, J., denying Dayco's motion to confirm an *ex parte* attachment earlier obtained against appellees Foreign Transactions Corporation, Trachem Company, Limited, Edith Reich, Brigitte Jossem-Kumpf, Judith A. Reich, and Michael Reich. The application for confirmation was made in accordance with the provisions of the New York law governing attachments. Fed.R. Civ.P. 64; *see Inter-Regional Financial Group, Inc. v. Hashemi,* 562 F.2d 152, 153–54 (2d Cir.1977), *cert. denied,* 434 U.S. 1046, 98 S.Ct. 892, 54 L.Ed.2d 798 (1978).

Section 6211(a) of New York's Civil Practice Law and Rules (McKinney 1980) and its predecessor statutes permitted orders of attachment to be granted without prior hearings. However, because of constitutional challenges that had been made successfully against *ex parte* seizures of property, section 6211 was amended in 1977. Although

the statute still permits an order of attachment to be granted without notice, the plaintiff is required to move on notice within five days for an order confirming the attachment in order to make it valid. *Great White Whale Advertising, Inc. v. First Festival Productions,* 81 A.D.2d 704, 705–06, 438 N.Y.S.2d 655 (1981); *New York Janitorial Service, Inc. v. Easthampton Dewitt Corp.,* 100 Misc.2d 814, 815, 420 N.Y. S.2d 100 (1979); *see* C.P.L.R. § 6211, McLaughlin's Practice Commentaries 61–65 (McKinney 1980). Upon the return of the motion to confirm, the plaintiff has the burden of establishing the grounds for the attachment. C.P.L.R. §§ 6211(b) and 6223(b).

Even though an attachment is confirmed, the defendant nonetheless may move thereafter for an order vacating or modifying it if it is "unnecessary to the security of the plaintiff." C.P.L.R. § 6223(a). Moreover, the denial of an application to confirm will not preclude a subsequent attachment proceeding where there has been an intervening change of circumstances. *See In re Pan-Oceanic Tankers Corp.,* 332 F.Supp. 313, 314 (S.D.N.Y.1971); *Mojarrieta v. Saenz,* 80 N.Y. 547 (1880). Obviously, an order confirming or refusing to confirm an attachment is in no way final.

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States,* 309 U.S. 323, 324, 60 S.Ct. 540, 540, 84 L.Ed. 783 (1940). This policy, first appearing in the Judiciary Act of 1789, 1 Stat. 73, 84, finds its contemporary statutory expression in 28 U.S.C. § 1291 (1976), which grants courts of appeals "jurisdiction of appeals from all final decisions of the district courts". A final decision within the meaning of section 1291 and its predecessors generally has required a "decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The order at bar, merely denying appellant an attachment for security should a judgment eventually be entered in his favor, is not within the general rule.

Although a "developing need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence," *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955) has led Congress to permit certain interlocutory appeals, *see* 28 U.S.C. § 1292 (1976), this appeal is not within the ambit of that statute. Appellant relies for jurisdiction on the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen,* the Supreme Court held that section 1291 permits the interlocutory appeal of decisions falling "in that small class which finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225. Despite appellant's contentions, we are not persuaded that the order appealed from falls within the rule just stated.

One of the grounds for granting an attachment, the one upon which appellant relies, is that the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the State, or is about to do so. C.P.L.R. § 6201(3). The district court found that appellant had not sustained its burden of proof on this issue. This was a finding of fact, leading to the discretionary determination made by the district court. *MCT Shipping Corp. v. Sabet,* 497 F.Supp. 1078, 1086 (S.D.N.Y.1980); *Reading & Bates Corp. v. National Iranian Oil Co.,* 478 F.Supp. 724, 726 (S.D.N.Y.1979); 11 Carmody Wait 2d § 76.74 (1966). As such, it ordinarily would not be reviewable by the New York Court of Appeals. *Id.; Allen v. Meyer,* 73 N.Y. 1 (1878). In the absence of unusual circumstances not

present here, it should not be reviewable in this Court.

Mindful that the Court in *Cohen* was attempting not to expand section 1291 but merely to give it a "practical rather than a technical construction," *id.,* we think that even brief reflection upon the consequences of a rule of immediate appealability in cases such as the instant one demonstrates that the appeal should be dismissed. Resolutions of issues of fact seldom lead to the establishment of meaningful precedents, and there is little likelihood of reversal for abuse of discretion or for clearly erroneous findings. *See Donlon Industries, Inc. v. Forte,* 402 F.2d 935, 936–37 (2d Cir.1968). "To be effective, judicial administration must not be leaden-footed", *Cobbledick v. United States, supra,* 309 U.S. at 325, 60 S.Ct. at 541; interlocutory appeals of essentially factual questions generally serve little purpose except delay.

Appellant urges that the appealability of orders vacating attachments is settled by *Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 688–89, 70 S.Ct. 861, 864–65, 94 L.Ed. 1206 (1950), and its Second Circuit progeny, *Chilean Line Inc. v. United States,* 344 F.2d 757, 759 (2d Cir. 1965); *Glaser v. North American Uranium & Oil Corp.,* 222 F.2d 552, 554 (2d Cir.1955); and *Republic of Italy v. De Angelis,* 206 F.2d 121, 123 (2d Cir.1953). However, the order appealed from does not vacate an attachment; it refuses to confirm what otherwise would be an invalid attachment. Moreover, the cases upon which appellant relies generally involve unusual circumstances, serious and unsettled questions, the answers to which would "settle the matter not simply for the case in hand but for many others". *Donlon Industries, Inc. v. Forte, supra,* 402 F.2d at 937. Both *Cohen* and *Swift, supra,* "revolved about issues concerning the *power* of the district court to render its decision, as distinct from the propriety of its exercise of discretion." *Bancroft Navigation Co. v. Chadade Steamship Co.,* 349 F.2d 527, 529 (2d Cir.1965). To the same effect were *Chilean Line Inc. v. United States, supra,* and *Glaser v. North American Uranium & Oil Corp., supra.* The court in *Republic of Italy v. De Angelis, supra,* struggled with questions concerning the legal effect of the dissolution of a corporation.

*Brastex Corp. v. Allan International, Inc., supra,* which was argued subsequent to the argument in the instant case, involved the unusual legal question whether an attachment predicated upon the fact that the defendant was a foreign corporation not qualified to do business in New York State, C.P.L.R. § 6201(1), should be confirmed despite the fact that the defendant had qualified to do business in New York prior to the application for confirmation. We held that this was a serious legal issue of first impression, too important to be denied review. *Id.,* at 329–330. Resolution of the issue in the instant case—whether the district court correctly applied well-settled rules of law to disputed facts—will establish no precedent and will affect only the parties.

The effect of 28 U.S.C. § 1291 is to "disallow appeal from any decision which is tentative, informal, or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen v. Beneficial Loan Corp., supra,* 337 U.S. at 546, 69 S.Ct. at 1225. A decision by this Court on the question of whether security is required at this time under the New York attachment statute will not "finally determine claims of right separable from, and collateral to, rights asserted in the action", for whether to grant or to confirm an attachment is a "matter the statute makes subject to reconsideration from time to time." *Id.* at 546–547, 69 S.Ct. at 1225–1226. As pointed out above, appellant may move again for attachment should changed circumstances or newly discovered facts warrant such provisional relief. Insofar as appellant's present right to such relief is concerned, the order appealed from does not "conclusively determine the disputed question," *Coopers & Lybrand v. Livesay, supra,* 437 U.S. at 468, 98 S.Ct. at 2457; neither does it "settle a point once and for all", *Weight Watchers of Philadelphia, Inc.*

*v. Weight Watchers International, Inc.,* 455 F.2d 770, 773 (2d Cir.1972). We conclude that it is not appealable. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 380–82, 101 S.Ct. 669, 676–77, 66 L.Ed.2d 571 (1981) (Rehnquist, J., concurring in the result).

The appeal is dismissed.