VAN GRAAFEILAND,. Circuit Judge:
 

 On August 26,. 1982 Johns-Manville Corporation and twenty of its affiliates or subsidiaries (“Manville”) filed Chapter 11 petitions for reorganization in the United States Bankruptcy Court for the Southern District of New York. On November 8, 1982 the Committee of Asbestos-Related Litigants and/or Creditors (the “Committee”), comprised primarily of attorneys for personal injury claimants, moved to dismiss the proceeding on the ground that it was not brought in good faith. This motion was denied by the bankruptcy court, and leave to appeal the bankruptcy court’s interlocutory order was denied by Chief Judge Motley of the United States District Court for the Southern District of New York. Judge Motley also refused to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) her own order denying leave to appeal the bankruptcy court’s order. The Committee now “ask[s] this Court to exercise its discretionary power of supervisory mandamus to direct a full District Court review of the facts bearing on the propriety of this bankruptcy filing.” In the paragraphs that follow, we summarize briefly our reasons for denying this application.
 

 During the year following the making of the Committee’s November 8, 1982 motion, extensive discovery was had, resulting in more than 10,000 pages of testimony and close to 75,000 pages of exhibits. On November 16, 1988 the Committee Chairman submitted a 122 page affidavit accompanied by over 200 exhibits in support of its then one-year-old motion to dismiss. In response, Manville submitted a 106 page rebuttal analysis and a 176 page “Compendium of the Factual Record”, together with over 500 pages of exhibits and transcripts of the testimony of twenty-nine witnesses. After digesting this mass of material, Bankruptcy Judge Lifland wrote a 46 page opinion in which he found that the Committee’s charges of fraud and bad faith were “unsubstantiated”, “conclusory”, “not supported by concrete facts” and were “backed by the submission of either no evidence or wholly inconclusive evidence”. The judge also found that no sham or hoax had been perpetrated on the court and there had been no abuse of the court’s jurisdiction.
 

 On January 30, 1984 the Committee filed a notice of appeal to the district court. Judge Motley correctly held, however, that the Committee could not appeal as of right from the bankruptcy court’s interlocutory factual determination. ' The Bankruptcy Reform Act of 1978, Pub.L. 95-598, 92 Stat. 2549, created a new system of appellate review that was to take effect on April 1, 1984. During the intervening transition
 
 *5
 
 al period, the jurisdiction of district courts to hear appeals from interlocutory bankruptcy orders was to be the same as that prescribed in the amendment to 28 U.S.C. § 1334.
 
 See Matter of UNR Industries, Inc.,
 
 725 F.2d 1111, 1114 (7th Cir.1984); Bankruptcy Reform Act, tit. IV, § 405(c)(2),
 
 reprinted in
 
 note preceding 28 U.S.C. § 1471; 1
 
 Collier on Bankruptcy
 
 113.03[7][d][vi] (15th ed. 1984). Section 1334(b), as amended, permits appeals to the district courts from interlocutory orders “only by leave of the district court to which the appeal is taken.” Both the interim and the permanent Bankruptcy Rules established procedures patterned after this section. See Interim Rule 8004,
 
 reprinted in Collier on Bankruptcy, supra,
 
 Appendix 1 at 1095 and 11 U.S.C.A., Bankruptcy Rule 8001(b) (1984).
 

 Although the Committee did not seek permission to appeal, Bankruptcy Rule 8003(c) provides that a district court may treat a notice of appeal as a motion for leave to appeal. That is what Chief Judge Motley did. She then analogized permissive appeals to the district court under section 1334(b) to permissive appeals to the Court of Appeals under 28 U.S.C. § 1292(b), an analogy suggested in 1
 
 Collier on Bankruptcy, supra,
 
 at If 3.03[7][d][v]. Concluding that Judge Lif-land’s order was an interlocutory determination and involved issues of fact rather than a controlling question of law, Judge Motley denied the Committee’s motion.
 

 Recognizing that “[f]inality as a condition of review is an historic characteristic of federal appellate procedure”,
 
 Dayco Corp. v. Foreign Transactions Corp.,
 
 705 F.2d 38, 39 (2d Cir.1983) (quoting
 
 Cobbledick v. United States,
 
 309 U.S. 323, 324, 60 S.Ct. 540, 84 L.Ed. 783 (1940)), and that interlocutory appeals of essentially factual questions are especially disfavored,
 
 id.
 
 at 40, we conclude that Chief Judge Motley’s discretionary decision to deny appeal was not so egregiously improper as to require the issuance of a writ of mandamus, a remedy repeatedly characterized as “extraordinary” in nature,
 
 see, e.g., Allied Chemical Corp. v. Daiflon, Inc.,
 
 449 U.S. 33, 34-36, 101 S.Ct. 188, 189-90, 66 L.Ed.2d 193 (1980) (per curiam). The issue of bad faith has not been permanently laid to rest by the bankruptcy court’s decision. The legitimacy of Manville’s intentions will be reflected, to some extent at least, in the plan of reorganization it submits to the bankruptcy court. Before any such plan is confirmed, it first must satisfy the requirement that it was proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). A finding of good faith at the time of confirmation will bear the indicia of completeness and finality that are lacking in the bankruptcy court’s present order.
 

 The petition for a writ of mandamus is denied.