**BANQUE NORDEUROPE S.A.,**
**Plaintiff–Appellant,**

v.

**Pravin BANKER, Defendant–Appellee.**

**No. 1307, Docket 91–9264.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1992.

Decided July 29, 1992.

Ambrose M. Richardson, New York City (McPheters & Richardson, P.C., of counsel), for plaintiff-appellant.

John F. Pritchard, New York City (Winthrop, Stimson, Putnam & Roberts, of counsel), for defendant-appellee.

**1130**

PER CURIAM:

On November 2, 1989, Banque Nordeurope S.A. (BNE), a banking corporation incorporated in Luxembourg, filed suit in the United States District Court for the Southern District of New York against Pravin Banker and three corporations in which Banker had substantial ownership or control: Pravin Banker Associates, Ltd., Prabank Capital Limited, and Global Financial Group, Ltd. BNE claimed breach of contract and fraud in transactions involving the placement of lesser-developed country (LDC) debt instruments.

A few weeks later, BNE filed a second action in the United States District Court in Connecticut against Pravin Banker only. The complaint, except for the absence of the corporate defendants, makes allegations corresponding to those in the New York action. BNE acknowledges that the only purpose of the Connecticut suit was to obtain a prejudgment attachment under Connecticut law against Banker's home in Cos Cob, Connecticut.

BNE sought the *ex parte* attachment under the Connecticut attachment statute, Conn.Gen.Stat. § 52–278e(a)(1) (1990), which authorized courts to grant prejudgment attachments of real estate without prior notice or hearing, upon the plaintiff's verification that there is "probable cause to sustain the validity of the plaintiff's claim." *Id.* Based on BNE's complaint and a supporting affidavit, Judge Daly granted an attachment of $800,000.

On December 29, 1989, Banker moved to dissolve the order of attachment, arguing that BNE could not establish probable cause. The motion was referred to Magistrate Judge Margolis who, after an evidentiary hearing, recommended granting the motion. After "careful review", the district court adopted the magistrate's recommendation and granted the motion to dissolve the attachment.

While Banker's motion was pending, the Supreme Court affirmed this circuit's ruling that, absent a showing of exigent circumstances, the Connecticut *ex parte* attachment procedure impermissibly offended due process. *See Connecticut v. Doehr*, —— U.S. ——, 111 S.Ct. 2105, 2119, 115 L.Ed.2d 1 (1991) (affirming *Pinsky v. Duncan*, 898 F.2d 852 (2d Cir.1990) (*Pinsky I*)). In a separate ruling that was undisturbed by *Doehr*, this court declined to apply *Pinsky I* retroactively. *See Pinsky v. Duncan*, 907 F.2d 17 (2d Cir.1990) (*Pinsky II*). Since BNE had obtained its attachment before our decision in *Pinsky I*, the order is unaffected by the Supreme Court's ruling in *Doehr*.

The order from which BNE seeks to appeal: (1) granted Banker's motion to dissolve the *ex parte* prejudgment attachment; (2) denied BNE's cross-motion to treat the evidentiary hearing as if it were an application for an initial prejudgment remedy; and (3) denied BNE's application for additional prejudgment relief, namely, to attach the interest of Pravin Banker's wife, Huguette Banker, in their home and to increase the amount of the attachment from $800,000 to $2,000,000.

BNE contends principally that the district court did not adequately review *de novo* the magistrate's findings of probable cause. BNE argues that a proper review would show that BNE had established: (1) probable cause to determine that valid contract and fraud claims arose from BNE–Banker transactions under New York law; (2) probable cause to pierce the corporate shell of Global Financial, Ltd., and hold Banker personally liable; and (3) probable cause to extend the attachment to Mrs. Banker's interest in the Cos Cob home.

We do not reach the merits of BNE's claims, but dismiss the appeal for lack of appellate jurisdiction.

An impression has been generated in the federal courts that an order *denying* an attachment is appealable, but one *granting* an attachment is not. Although that easy test has been repeated even recently in this court, *see, e.g., Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 114 (2d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1941, 118

L.Ed.2d 547 (1992), there has also been a trend, both in our circuit and elsewhere, toward more flexibility in dealing with attempted appeals involving attachments. *See generally* 15A Charles A. Wright, *et al., Federal Practice and Procedure* § 3914.2, at 517–21 (1992).

Whether an order denying or dissolving an attachment will be appealable depends on how the case measures up to the demanding standards for appealability of interlocutory orders developed under the *Cohen* doctrine, which is a narrow exception to the general federal policy against piecemeal appeals. The doctrine permits an interlocutory appeal for a "small class" of orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). To fall within the exception, an order must at a minimum satisfy three conditions: It must (1) " 'conclusively determine the disputed question,' " (2) " 'resolve an important issue completely separate from the merits of the action,' " and (3) " 'be effectively unreviewable on appeal from a final judgment.' " *Richardson–Merrill, Inc. v. Kohler*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). It must also present serious and unsettled questions of law. *See Cohen*, 337 U.S. at 547, 69 S.Ct. at 1226; *see also Nixon v. Fitzgerald*, 457 U.S. 731, 743, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982).

Our rulings on the appealability of attachment and related orders are not fully consistent. Over the years we have repeatedly dismissed appeals from orders *granting* or continuing attachments. *See, e.g., W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir.1976) (order granting or continuing attachment not appealable); *West v. Zurhorst*, 425 F.2d 919, 921 (2d Cir.1970) (order refusing to vacate attachment not appealable). On occasion, following the lead of the Supreme Court in *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 688–89, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950) (order vacating an attachment is appealable as a collateral order), we have entertained appeals from orders *vacating* attachments. *See, e.g., Republic of Italy v. De Angelis*, 206 F.2d 121, 123 (2d Cir.1953) (order vacating attachment held appealable); *Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 317 n. 6 (2d Cir.1970) (same).

With appeals from orders denying motions to confirm attachments, we have sometimes entertained the appeal, *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 329 (2d Cir.1983) (denial of motion to confirm attachment held appealable), and sometimes dismissed it. *Dayco Corp. v. Foreign Transactions Corp.*, 705 F.2d 38, 39 (2d Cir.1983) (order denying attachment under New York law was dismissed as unappealable, for presenting only a factual question, and involving no significant legal issue).

When the appeal turns on the legal question of the power of the trial court to grant the requested relief, as opposed to denial of the relief in the exercise of a district judge's discretion, appealability is more likely. *See Donlon Industries, Inc. v. Forte*, 402 F.2d 935 (2d Cir.1968). Read together, our cases suggest that a critical factor in appealability is whether the appeal presents an important question of law whose resolution will guide courts in other cases, or whether it involves merely the application of well-settled principles of law to particular facts. This is consistent with our resistance in other contexts to entertaining interlocutory appeals from orders that turn on issues of fact rather than of law. *See Lawson v. Abrams*, 863 F.2d 260, 262 (2d Cir.1988) (to be appealable, immunity issue may "not turn on an open question of fact"); *Group Health, Inc. v. Blue Cross Ass'n*, 793 F.2d 491, 497 (2d Cir.1986) (appeal dismissed because immunity issues were not solely questions of law), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 758 (1987); *Cf. Yalkut v. Gemignani*, 873 F.2d 31, 34–35 (2d Cir.1989) (immunity appeal allowed when it is "not dependent on disputed factual issues").

We think that the order vacating the attachment in this case is not appealable. In two senses, no "important" ques-

tion of law is presented here. First, the Connecticut prejudgment statute under which this attachment was first granted and then dissolved has now been held unconstitutional by the Supreme Court; the statute was applied to this case only because of our non-retroactivity holding in *Pinsky II.* Thus, any issue of law regarding this statute that might be resolved by the appeal would have little or no effect on future federal cases in Connecticut. Second, there is no disagreement about the law in Connecticut; the legal standard for granting or dissolving an attachment is probable cause.

What BNE seeks to review on this interlocutory appeal is the district court's application of the uncontested probable cause standard to the particular facts of this case. In this context, Judge Friendly's comments in *Donlon* are pertinent. In discussing why dismissal of an appeal was appropriate, he noted that "the factual variations are so numerous that a judgment on appeal can do little to establish meaningful standards." *Donlon*, 402 F.2d at 937.

Moreover, the fact-bound nature of the determination of the district court here is underscored by the length and complexity of the hearing before the magistrate judge. The hearing took place over three days and covered over 600 pages of transcript—before the magistrate judge recommended and the district court determined that BNE had failed to establish probable cause to sustain the validity of its claims against Banker and his wife.

In sum, because this attempted appeal presents no important question of law and turns instead upon the facts that are intertwined with the merits of BNE's claims, it does not qualify as part of the small class of cases that satisfies the *Cohen* doctrine. The appeal is therefore dismissed.