08-5210-cv
Scipar, Inc. v. Simses

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT:   REENA RAGGI,
                      PETER W. HALL,
                                        *Circuit Judges.*
                      BRIAN M. COGAN,[*]
                                        *District Judge.*

------------------------------------------------------------------
SCIPAR, INC., a New York Corporation,

                              *Plaintiff-Appellant*,

                    v.                                                    No. 08-5210-cv

CAROLYN A. SIMSES, a Connecticut Resident,

                              *Defendant-Appellee*,

KEVIN SIMSES, a Connecticut Resident,

                              *Defendant.*
------------------------------------------------------------------

---

[*] District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLANT:     JOSEPH A. CAMARDO, JR., Camardo Law Firm, P.C., Auburn, New York.

APPEARING FOR APPELLEE:      JOSEPH A. MATTELIANO, Augello & Matteliano, LLP, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the district court's September 29, 2008 order is DISMISSED for lack of appellate jurisdiction, and DENIED to the extent it may be construed as a petition for a writ of mandamus.

Plaintiff Scipar, Inc. appeals from the district court's denial of its motion for civil contempt. It argues that the district court erred in concluding that (1) the parties' stipulated preliminary injunction and attachment, which the court approved on March 9, 2007, only precluded Simses from disposing of property or funds in existence at the time of the injunction, and not property or funds – including wages – that she might acquire in the future; and (2) Simses had scrupulously complied with the terms of the injunction. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Jurisdiction

Because the denial of a motion for civil contempt is generally interlocutory rather than final, see New York State Urban Dev. Corp. v. VSL Corp., 738 F.2d 61, 64 (2d Cir. 1984); cf. International Bus. Machs. Corp. v. United States, 493 F.2d 112, 114-15 (2d Cir. 1973),[1]

---

[1] We need not discuss the rare exceptions to this rule, as none applies in this case.

2

our jurisdiction over this appeal depends on Scipar's ability to show that it falls within one or more of the narrow exceptions to the finality rule.

        a.        28 U.S.C. § 1292(a)(1)

Scipar's invocation of 28 U.S.C. § 1292(a)(1) to support jurisdiction is unconvincing. Section 1292(a)(1) provides for appeals of "[i]nterlocutory orders of the district courts of the United States . . . , granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." It does not, however, provide for appeals of interlocutory orders merely clarifying or interpreting injunctions. Jurisdiction in this case thus depends on whether the "actual effect" of the district court's September 29, 2008 order was to modify the March 9, 2007 preliminary injunction or simply to interpret it. Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 141 (2d Cir. 2005).

To answer this question, we consider the merits of Scipar's claim, as an obvious misinterpretation of the terms of an injunction constitutes a modification within the meaning of § 1292(a)(1). See Equal Employment Opportunity Comm'n v. Local 40, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 76 F.3d 76, 79 (2d Cir. 1996); Wilder v. Bernstein, 49 F.3d 69, 72 (2d Cir. 1995); cf. United States v. O'Rourke, 943 F.2d 180, 186 (2d Cir. 1991) (noting when court "order[s] compliance with [a] misinterpretation" of injunction, it modifies injunction). As our sister circuits have observed, this review is necessarily limited, as "plung[ing] into the details [of a past injunction and the order on appeal] would collapse the jurisdictional inquiry into a decision on the merits, thwarting the purpose of § 1292(a)(1)." Birmingham Fire Fighters Ass'n v. Jefferson County, 280 F.3d

3

1289, 1293 (11th Cir. 2002); see Southern Ute Indian Tribe v. Leavitt, 564 F.3d 1198, 1209 (10th Cir. 2009); Pimentel & Sons Guitar Makers v. Pimentel, 477 F.3d 1151, 1154-55 (10th Cir. 2007); Gautreaux v. Chicago Hous. Auth., 178 F.3d 951, 957-58 (7th Cir. 1999).

Applying these standards, we conclude that the September 29, 2008 order simply interpreted the March 9, 2007 injunction. Far from negating the plain language of the injunction, the order gave meaning to an undefined term ("property") and thus clarified that the injunction did not proscribe the conduct challenged by Scipar. The district court's definition of "property" plainly did not constitute an obvious misinterpretation of the injunction. Rather, as the district court noted, it is the interpretation advocated by Scipar – that the injunction precluded Simses from spending any of her wages, regardless of the nature of the expense – that is the obvious misinterpretation.[2] For these reasons, § 1292(a)(1) does not provide jurisdiction over this appeal.

### b. The Collateral Order Doctrine

Scipar urges us to exercise jurisdiction pursuant to the collateral order doctrine, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), which applies only when an order "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on

---

[2] Even assuming the district court misinterpreted the injunction, that misinterpretation would not support the conclusion that it erred in denying Scipar's motion for contempt. It is well-established that to be held in civil contempt for failure to comply with an order, the order must be "clear and unambiguous." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004). Here, the very need to define the term "property" indicates that the March 9, 2007 injunction did not satisfy that standard.

appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); accord Wabtec Corp. v. Faiveley Transp. Malmo AB, 525 F.3d 135, 138 (2d Cir. 2008).

Assuming without deciding that the district court's interpretation of the preliminary injunction should be treated as an order denying security or denying or dissolving an attachment, see Result Shipping Co. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 398 (2d Cir. 1995) (recognizing orders denying security as "paradigms of final collateral orders that are unreviewable on appeal from a final judgment" and thus often fall within scope of collateral order doctrine), we have ruled that the interlocutory appeal of such an order is warranted only where it "presents an important question of law whose resolution will guide courts in other cases," Banque Nordeurope S.A. v. Banker, 970 F.2d 1129, 1130-31 (2d Cir. 1992) (holding that appeal involving mere "application of well-settled principles of law to particular facts" should not be heard before final judgment); see also Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 241 (2d Cir. 2006) ("[E]ven if an order . . . satisfies Cohen, courts have leeway to determine whether the issue on appeal is an important issue of law, the resolution of which may have relevance for future cases."); Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d at 398-99 (exercising jurisdiction over appeal from denial of security where Cohen requirements were met, appeal concerned "relatively unexplored region of the law," and "resolution of the[] issues [presented would] provide necessary guidance to trial courts"). Because we discern no important question of law presented by this appeal, we decline to assert jurisdiction under the collateral order doctrine. The appeal is therefore dismissed for lack of jurisdiction.

5

2.      Construing the Appeal as a Petition for a Writ of Mandamus

Where an appeal is dismissed for lack of jurisdiction, we may nevertheless treat it as a petition for a writ of mandamus.[3]  See Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d at 242; Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 163 (2d Cir. 1992).  "Mandamus is not used simply to correct error," Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks and citation omitted), but only to redress "a judicial usurpation of power, or a clear abuse of discretion." Cheney v. United States Dist. Court for the Dist. of Columbia, 542 U.S. 367, 390 (2004) (internal quotation marks and citations omitted).  Because the district court's interpretation of the preliminary injunction and attachment was neither a "usurpation of power" nor a "clear abuse of discretion," we deny a writ of mandamus.

3.      Conclusion

For the foregoing reasons, this appeal is DISMISSED for lack of jurisdiction and, to the extent it may be construed as a petition for a writ of mandamus, DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____

---

[3] In doing so, we are generally required to give the district judge notice and an opportunity to respond.  See Fed. R. App. P. 21(b).  In this case, however, because "the inappropriateness of mandamus relief is clear on the face of the record," such notice is unnecessary.  Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d at 242.