ALLSTATE INSURANCE COMPANY, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate New Jersey Insurance Company, Continental Insurance Company, Deerbrook Insurance Company, Encompass Indemnity Compa-

ny, Glens Falls Insurance Company, and National–Ben Franklin Insurance Company of Illinois, Plaintiffs–Appellees,

v.

A.R. MEDICAL REHABILITATION, P.C., A.R. Medical Art, P.C., and Yonkers Medical Art, P.C., Defendants–Appellants,

Alexander Rozenberg, M.D., Inna Polack, Alexander Polack, Yuliy Goldman, Mighty Management Group, Inc., Mighty Management, LLC, Blue Wave Management, Inc., Natalya Shvartsman, Emmanuel Kucherovsky, and Shaun Robinson, also known as Prince, Defendants.

No. 09–0873–cv.

United States Court of Appeals, Second Circuit.

Feb. 15, 2011.

Mark L. Furman, Hoffman Polland & Furman PLLC, New York, NY, for Appellants.

Richard D. King, Jr., (Nathan A. Tilden, on brief), Smith & Brink, P.C., Garden City, N.Y., for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, PETER W. HALL, RAYMOND J. LOHIER, Jr., Circuit Judges.

## SUMMARY ORDER

Defendants appeal from an order of attachment issued in this suit, which alleges civil RICO and fraud claims. The district court found that the plaintiffs ("Allstate") were likely to succeed on the merits and that the defendants had previously fraudulently conveyed and hidden their assets with an intent to defraud their creditors. On appeal, this attachment order is contested by a subset of the defendants, the "P.C. Companies." We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A prejudgment order of attachment is not a final order, so our usual avenue of appellate jurisdiction, 28 U.S.C. § 1291 (granting circuit courts jurisdiction to hear appeals from final judgments of district courts), is closed in this case. *See Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 137 (2d Cir.2008) ("[F]ederal appellate jurisdiction ordinarily depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)). The P.C. Companies propose two primary grounds for appellate jurisdiction: the collateral order doctrine, and the interlocutory appeal statute. 28 U.S.C. § 1292. This appeal fails to satisfy the requisites for either ground; therefore, we lack jurisdiction to hear it.

The collateral order doctrine, established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), allows a circuit court appellate jurisdiction to hear an immediate appeal from a district court ruling if that ruling: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the underlying action; and (3) resolves an issue that would be effectively unre-

viewable on appeal from a final judgment. *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240 (2d Cir.2006) (describing *Cohen's* original conception of the collateral order doctrine). In 1992, the Second Circuit (reinterpreting Cohen) added a fourth requirement to the collateral order doctrine: (4) The district court's ruling must "present serious and unsettled questions of law." *Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir.1992) (per curiam). In the Second Circuit, a district court's ruling must meet all four of these requirements before this Court has appellate jurisdiction to hear an immediate appeal from it.

The P.C. Companies' appeal presents no serious or unsettled questions of law. The P.C. Companies dispute only factual findings of the district court, such as whether they participated in the fraudulent scheme to hide assets from creditors. Because the P.C. Companies' appeal does not meet the fourth requirement of the collateral order doctrine, the doctrine does not afford us appellate jurisdiction to hear this appeal. Furthermore, because this appeal fails the fourth requirement of the collateral order doctrine, we need not, and do not, reach the question of whether it satisfies any of the other three requirements of the doctrine.

The P.C. Companies' second proposed ground for appellate jurisdiction is subsection (a)(1) of the interlocutory statute, 28 U.S.C. 1292, which grants us jurisdiction to hear interlocutory appeals from rulings by district courts that are injunctive in nature. The P.C. Companies argue that the attachment of their property in this case is injunctive because it requires their attorneys to hold a growing pool of assets on their behalf and prevents their attorneys from releasing these accruing assets to them. However, freezing of assets is the very essence of attachment. The argu-

ment advanced by the P.C. Companies would effectively make every order of attachment injunctive and immediately appealable. We decline to endorse such an extreme and absurd result. Without opining in the abstract on whether an order of attachment could become injunctive if it mandated sufficiently significant activity above and beyond the acts necessary to effectuate attachment, we conclude that the attachment order in this case does not require such additional activity and is not injunctive. As a result, 28 U.S.C. § 1292(a)(1) does not provide us with appellate jurisdiction to hear this appeal.

We hereby **DISMISS** Appellants' appeal for lack of appellate subject-matter jurisdiction.