09-0873-cv
Allstate Ins. Co. v. Rozenberg

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of February, two thousand eleven.

PRESENT: DENNIS JACOBS,
                     Chief Judge,
      PETER W. HALL,
      RAYMOND J. LOHIER, Jr.,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, DEERBROOK INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, GLENS FALLS INSURANCE COMPANY, and NATIONAL-BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS,

      *Plaintiffs-Appellees*,

      **-v.-**                           **09-0873-cv**

**A.R. MEDICAL REHABILITATION, P.C.,
A.R. MEDICAL ART, P.C., and YONKERS
MEDICAL ART, P.C.,**

          *Defendants-Appellants,*

**ALEXANDER ROZENBERG, M.D., INNA
POLACK, ALEXANDER POLACK, YULIY
GOLDMAN, MIGHTY MANAGEMENT GROUP,
INC., MIGHTY MANAGEMENT, LLC, BLUE
WAVE MANAGEMENT, INC., NATALYA
SHVARTSMAN, EMMANUEL KUCHEROVSKY, and
SHAUN ROBINSON, also known as PRINCE,**

          *Defendants.*
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**    Mark L. Furman
                      Hoffman Polland & Furman PLLC
                      New York, NY

**FOR APPELLEES:**    Richard D. King, Jr.
                      (Nathan A. Tilden, *on brief*)
                      Smith & Brink, P.C.
                      Garden City, N.Y.

Appeal from an order by the United States District Court for the Eastern District of New York (Spatt, J.) granting Appellees' motion for prejudgment attachment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Appellants' appeal is **DISMISSED** for lack of appellate subject-matter jurisdiction.

Defendants appeal from an order of attachment issued in this suit, which alleges civil RICO and fraud claims. The district court found that the plaintiffs ("Allstate") were likely to succeed on the merits and that the defendants had previously fraudulently conveyed and hidden their assets with an intent to defraud their creditors. On appeal, this attachment order is contested by a subset of the defendants, the "P.C. Companies." We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A prejudgment order of attachment is not a final order, so our usual avenue of appellate jurisdiction, 28 U.S.C. § 1291 (granting circuit courts jurisdiction to hear appeals from final judgments of district courts), is closed in this case. See Wabtec Corp. v. Faiveley Transp. Malmo AB, 525 F.3d 135, 137 (2d Cir. 2008) ("[F]ederal appellate jurisdiction ordinarily depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)). The P.C. Companies propose two primary grounds for appellate jurisdiction: the collateral order doctrine, and the interlocutory appeal statute. 28 U.S.C. § 1292. This appeal fails to satisfy the requisites for either ground; therefore, we lack jurisdiction to hear it.

The collateral order doctrine, established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), allows a circuit court appellate jurisdiction to hear an immediate appeal from a district court ruling if that ruling: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the underlying action; and (3) resolves an issue that would be effectively unreviewable on appeal from a final judgment. Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 240 (2d Cir. 2006) (describing Cohen's original conception of the collateral order doctrine). In 1992, the Second Circuit (reinterpreting Cohen) added a fourth requirement to the collateral order doctrine: (4) The district court's ruling must "present serious and unsettled questions of law." Banque Nordeurope S.A. v. Banker, 970 F.2d 1129, 1131 (2d Cir. 1992) (per curiam). In the Second Circuit, a district court's ruling must meet all four of these requirements before this Court has appellate jurisdiction to hear an immediate appeal from it.

The P.C. Companies' appeal presents no serious or unsettled questions of law. The P.C. Companies dispute only factual findings of the district court, such as whether they participated in the fraudulent scheme to hide assets from creditors. Because the P.C. Companies' appeal does not meet the fourth requirement of the collateral order doctrine, the doctrine does not afford us appellate jurisdiction to hear this appeal. Furthermore, because this appeal fails the fourth requirement of the collateral order doctrine, we need not, and do not, reach the question of whether it satisfies any of the other three requirements of the doctrine.

The P.C. Companies' second proposed ground for appellate jurisdiction is subsection (a)(1) of the interlocutory statute, 28 U.S.C. 1292, which grants us jurisdiction to hear interlocutory appeals from rulings by district courts that are injunctive in nature. The P.C. Companies argue that the attachment of their property in this case is injunctive because it requires their attorneys to hold a growing pool of assets on their behalf and prevents their attorneys from releasing these accruing assets to them. However, freezing of assets is the very essence of attachment. The argument advanced by the P.C. Companies would effectively make every order of attachment injunctive and immediately appealable. We decline to endorse such an extreme and absurd result. Without opining in the abstract on whether an order of attachment could become injunctive if it mandated sufficiently significant activity above and beyond the acts necessary to effectuate attachment, we conclude that the attachment order in this case does not require such additional activity and is not injunctive. As a result, 28 U.S.C. § 1292(a)(1) does not provide us with appellate jurisdiction to hear this appeal.

We hereby **DISMISS** Appellants' appeal for lack of appellate subject-matter jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4