11-0747-cv
*Allstate Insurance Co. et al. v. Daniel Levy et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

―――――――――――――――――――――――――――――――――

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY,

> *Plaintiffs-Appellant*s,

> v.                                  No. 11-0747-cv

DANIEL LEVY a/k/a DIMA, ALEX LEVY a/k/a SASHA, HOI YAT KAM, M.D., SALVATORE LENTINI, D.C., YAN YAN YU a/k/a ANGELA, HAROUTYOUN TIKRANIAN, D.C., LAI FAIN XUE, a/k/a LISA, CHENG HE SU, ALEKSANDRA GASHINSKAYA, M.D., BRONX SHERIDAN MEDICAL, P.C., NEW LITE BRONX MEDICAL, P.C., COMFORT CHIROPRACTIC, P.C., ALIGN CHIROPRACTIC CARE, P.C., QI BAO ACUPUNCTURE, P.C., DESMOND CONNELL, ESQ., MARY JIMENEZ, LLOYD MODESTO, RONALD SCHWARTZ, DAN MADRID, BEST STAR ADVERTISEMENT CORPORATION, PRO-TWO

MANAGEMENT CORPORATION, UNITED MEDICAL BILLING & COLLECTION CORPORATION,

*Defendants-Appellees.*

_____

For Plaintiffs-Appellants:   NATHAN A. TILDEN (Richard D. King, Jr., *on the brief*), Smith & Brink, P.C., Garden City, N.Y.

For Defendant-Appellee
Mary Jimenez:   DENIS PATRICK KELLEHER, New York, N.Y.

For Defendant-Appellee
Hoi Yat Kam, M.D.:   ALBERT Y. DAYAN, Kew Gardens, N.Y.

For Defendants-Appellees
Salvatore Lentini and Align
Chiropractic Care, P.C.:   ROBERT KOPPELMAN, New York, N.Y.

For Defendants-Appellees
Daniel Levy a/k/a Dima,
Alex Levy a/k/a Sasha,
Yan Yan Yu a/k/a Angela,
Haroutyoun Tikranian,
D.C.,Lai Fan Xue a/k/a Lisa,
Chen He Su, Aleksandra
Gashinskaya, M.D.,Bronx
Sheridan Medical, P.C., New
Lite Bronx Medical, P.C.,
Comfort Chiropractic, P.C., Qi
Bao Acupuncture, P.C., Tai Ji
Acupuncture, P.C., Desmond
Connell, Esq., Lloyd Modesto,
Ronald Schwartz, Dan Madrid,
Best Star Advertisement Corp.,
Pro-Two Management Corp.,
United Medical Billing Corp.:   No appearance.

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*) denying Plaintiffs-Appellants' motion for prejudgment attachment.

2

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the Plaintiffs-Appellants' appeal is **DISMISSED** for lack of appellate subject-matter jurisdiction.

Plaintiffs-Appellants Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Company, and Allstate New Jersey Insurance Company (collectively, "Allstate") appeal from a January 31, 2011 Memorandum and Order of the United States District Court for the Eastern District of New York (Block, *J.*) adopting a December 29, 2010 Report and Recommendation of the United States Magistrate Judge for the Eastern District of New York (Pohorelsky, *J.*) and denying Allstate's motion for prejudgment attachment for Allstate's failure to demonstrate that the Defendants-Appellees secreted property "with intent to defraud [their] creditors or frustrate the enforcement of a judgment that might be rendered in [Allstate's] favor." N.Y. C.P.L.R. § 6201(3).[1] Allstate argues that we have jurisdiction over this appeal pursuant to the collateral order doctrine, which holds that 28 U.S.C. § 1291 "permits the interlocutory appeal of decisions falling 'in that small class which finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Dayco Corp. v. Foreign Transactions Corp.*, 705 F.2d 38, 39 (2d Cir. 1983) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

---

[1]Section 6201(3) provides that an order of attachment may be granted where "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." N.Y. C.P.L.R. § 6201(3).

To be among that "small class" of interlocutory rulings appealable under the *Cohen* doctrine, an order must (i) "conclusively determine the disputed question"; (ii) "resolve an important issue completely separate from the merits of the action"; and (iii) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (internal quotation marks omitted). We have added a fourth requirement to the collateral order doctrine: the district court's ruling must "present serious and unsettled questions of law." *Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir. 1992) (per curiam). We have recognized that orders denying a motion for attachment are "paradigms of final collateral orders that are unreviewable on appeal from a final judgment" and thus often fall within the scope of the collateral order doctrine. *See Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 398 (2d Cir. 1995). Pursuant to *Banque Nordeurope S.A.*, however, the interlocutory appeal of such orders is warranted only when they "present[] an important question of law whose resolution will guide courts in other cases." 970 F.2d at 1130-31 (holding that appeal involving mere "application of well-settled principles of law to particular facts" should not be heard before final judgment); *see also Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 241 (2d Cir. 2006) ("[E]ven if an order . . . satisfies *Cohen*, courts have leeway to determine whether the issue on appeal is an important issue of law, the resolution of which may have relevance for future cases."); *Result Shipping*, 56 F.3d at 398-99 (exercising jurisdiction over appeal from denial of security where *Cohen* requirements were met, appeal concerned "relatively unexplored region of the law," and "resolution of the[] issues [presented would] provide necessary guidance to trial courts").

Allstate's appeal presents no serious or unsettled questions of law. Allstate argues principally that the District Court erred in concluding that § 6201(3) "can only be satisfied when the

defendants' asset transfers were performed after the initiation of litigation, or following the commencement of an investigation and/or criminal action," and thus failed to assess whether asset transfers by the Defendants-Appellees which predated the initiation of suit were sufficient to establish a basis for attachment pursuant to § 6201(3). Contrary to Allstate's claim, however, it is well-established under New York law that in determining whether a defendant has disposed of property with intent to defraud its creditors for the purpose of applying § 6201(3), courts may consider evidence of the defendant's fraudulent conduct predating the initiation of suit by the plaintiff. *See N.Y. Dist. Council of Carpenters Pension Fund v. KW Constr., Inc.*, 2008 WL 2115225, No. 07 Civ. 8008 (RJS), at \*6 (S.D.N.Y. May 16, 2008) (observing that "the overwhelming weight of authority in New York State courts and courts in [the Southern District of New York] favors the view that § 6201(3) may be satisfied where the plaintiff merely demonstrates *past* fraudulent transfers by the defendant"); *see also Mineola Ford Sales Ltd. v. Rapp*, 661 N.Y.S.2d 281 (App. Div. 1997) (in the context of motion for a prejudgment attachment, finding defendant acted with intent to defraud the creditor-plaintiff based on lengthy history of conduct predating litigation, including the falsification of business records and the diversion of funds). Moreover, the District Court here, in adopting the Report and Recommendation, specifically noted that Allstate *correctly* stated the law in contending that a defendant's conduct prior to litigation and before investigation may demonstrate such a disposal of property for the purpose of § 6201(3).

Allstate further argues that the District Court erred in concluding that "the defendants' transfer of No-Fault payments -- payments that were obtained in violation of New York law, and then transferred to the unlicensed laypersons in a manner that represented a violation of federal law -- did not constitute evidence of defendants' secretion of property with the intent to defraud

5

creditors." This argument, however, amounts to the claim that the District Court erred in applying the requirements of § 6201(3) to the facts of this case. We conclude that this argument does not present a question of law warranting review under the collateral order doctrine. This appeal therefore does not satisfy the requirement of the collateral order doctrine that it present "an important question of law whose resolution will guide courts in other cases," *Banque Nordeurope S.A.*, 970 F.2d at 1131.

We have considered Allstate's remaining arguments and determined them to be without merit. Having concluded that the appeal does not meet the requirements for application of the collateral order doctrine, we lack appellate jurisdiction to hear this appeal. Accordingly, we hereby **DISMISS** Allstate's appeal for lack of appellate subject-matter jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6